UNITED STATES DISTRICT COURT
SOUTERN DISTIRCT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ZETINO AND DELMY ZETINO, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 4:10-CV-3905 |
| ALLSTATE TEXAS LLOYD'S AND | § | |
| PILOT CATASTOPHE SERVICES, | § | |
| INC., | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion"). (Doc. No. 12.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court determines that the Motion must be **DENIED**.

### I. BACKGROUND

In August 2010, Jose Zetino and Delmy Zetino (collectively, "Plaintiffs") filed this suit in state court against Allstate Texas Lloyd's ("Allstate") and Pilot Catastrophe Services ("Pilot") (collectively, "Defendants") for Defendants' alleged mishandling of Plaintiffs' claim for Hurricane Ike damages. Plaintiffs alleged breach of contract, breach of the duty of good faith and fair dealing, violations of Chapters 541 and 542 of the Texas Insurance Code, fraud, and conspiracy to commit fraud. The case was removed to this Court in October 2010.

Plaintiffs state that, upon reviewing discovery provided by Defendant Allstate, Plaintiffs discovered that James Dineen ("Dineen"), George Biggerstaff ("Biggerstaff"), Brian Edmond ("Edmond") and Craig Larson ("Larson") (collectively, "individual

adjusters") were the individual adjusters assigned by Allstate and/or Pilot to adjust Plaintiffs' claims. Plaintiffs assert that they were unaware of the individual adjusters' identities when they initially filed their lawsuit. Plaintiffs now seek leave to amend their Complaint so that they can add claims against the individual adjusters. As Plaintiffs admit, adding Biggerstaff as a Defendant will destroy diversity jurisdiction. Nonetheless, Plaintiffs argue, the individual adjusters are proper parties because they actively participated in the adjustment and investigation of Plaintiffs' claims. By improperly investigating Plaintiffs' claims for damages, Plaintiffs allege, the individual adjusters are individually liable for violations of the Texas Insurance Code, engaging in fraud, and conspiracy to commit fraud.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that courts should freely grant leave to amend when justice so requires. Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Leave to amend is not automatic, however. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc*, 283 F.3d 282, 286 (5th Cir. 2002). Nonetheless, the Court "must have a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). This Court must evaluate whether to grant Plaintiffs leave to amend to add a nondiverse, nonindispensable party in light of the factors outlined in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

When determining whether to permit an amendment to add a nondiverse, nonindispensable party, the Court should use its discretion. *Id.* at 1182. Given that the amendment threatens the defendant's interest in choice of forum, however, the Court must scrutinize the amendment more closely than an ordinary amendment. *Id.* Specifically, this Court should consider "1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; 2) whether the plaintiff has been dilatory in asking for an amendment; 3) whether the plaintiff will be significantly injured if the amendment is not allowed; and 4) any other factors bearing on the equities." *Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citing *Hensgens*, 833 F.2d at 1182).

## III. APPLICATION

The Court determines, based on the *Hensgens* factors, that Plaintiffs should be denied leave to amend their Complaint to add the individual adjusters.

### A. Extent to Which Purpose of Amendment is to Defeat Federal Jurisdiction

Courts have held that "[a] plaintiff's principal purpose is not to destroy diversity jurisdiction as long as the plaintiff states a potentially valid claim against the new defendant." *Bonilla v. Am. Servicing Co.*, No. H-11-1974, 2011 WL 3882280, at *3 (S.D. Tex. Sept. 2, 2011); *see also Loewe v. Singh*, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) ("'[C]ourts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction.'" (quoting *Schindler v. Charles Schwab & Co., Inc.*, No. Civ. A. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2006))); *Martinez v. Holzknecht*, 701 F.Supp.2d 886, 889 (S.D. Tex. 2010); *Smith v.

3

*Robin Am., Inc.*, 2009 WL 2485589, at *5 (S.D. Tex. Aug. 7, 2009). Courts also consider whether a plaintiff knew or should have known of the nondiverse defendant's identity and activities when the state court petition was filed. *Kopczynski v. Wal-Mart Stores Texas, LP*, No. H-10-4507, 2011 WL 902237, at *3 (S.D. Tex. March 14, 2011); *Loewe*, 2010 WL 3359525, at *2; *Martinez*, 701 F.Supp.2d at 889; *Multi-Shot, LLC v. B & T Rentals, Inc.*, No. H-09-3283, 2010 WL 376373, at *9 (S.D. Tex. Jan. 26, 2010) (quoting *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006)); *Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004); *In re Norplant Contraceptive Prod. Liab. Litig.*, 898 F.Supp. 429, 432 (E.D. Tex. 1995).

Plaintiffs did not know the identities of the individual adjusters when they filed their action in state court. Further, Plaintiffs seek to bring viable claims against the individual adjusters. *See Johnson v. Zurich Am. Ins. Co.*, No. 3:11-CV-0344-P, 2011 WL 3111919, at *3 (N.D. Tex. June 29, 2011); *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). Therefore, the first prong of the *Hensgens* test weighs in favor of granting Plaintiffs' Motion.

### B. *Whether Plaintiff Has Been Dilatory in Asking for Amendment*

When determining whether a plaintiff has been dilatory under *Hensgens*, courts scrutinize the amount of time that passed between the filing of the original petition and the motion for leave to amend, and between the notice of removal and the motion for leave to amend. *Kopczynski*, 2011 WL 902237, at *7; *Loewe*, 2010 WL 3359525, at *2; *Schindler*, 2005 WL 1155862, at *4. Courts also consider whether proceedings, other

than the motion to amend, have transpired. *Loewe*, 2010 WL 3359525, at *2; *Martinez*, 701 F.Supp.2d at 890; *Smith*, 2009 WL 2485589, at *6; *Schindler*, 2005 WL 1155862, at *4. In this case, the parties have filed an Agreed Joint Discovery Plan, Agreed Scheduling Order, Initial Disclosures, and a Scheduling Conference. The resources expended prior to filing of the Motion were not extensive. Nonetheless, the fact that the case progressed beyond filing of the notice of removal leans in favor of denying Plaintiffs' Motion. Further, Plaintiffs waited three months after receiving the discovery documents before filing the Motion. Plaintiffs should not have required a full three months to examine the documents, ascertain the identities of the insurance adjusters, and research whether to pursue claims against them. The Court therefore finds that prong two weighs in favor of denying Plaintiffs' Motion.

### C. *Whether Plaintiff Will Be Significantly Injured if Amendment is Not Allowed*

When analyzing the third factor, courts consider, among other things, "'whether a plaintiff can be afforded complete relief in the absence of the amendment.'" *Loewe*, 2010 WL 3359525, at *3 (quoting *Jerido v. Am. Gen. Life & Acc. Ins. Co.*, 127 F.Supp.2d 1322, 1325 (M.D. Ala. 2001)); *Schindler*, 2005 WL 1155862, at *4. Courts also determine whether, if the amendment is denied, plaintiffs will be forced to litigate their actions against the defendants they seek to add in state court—in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden. *Bonilla*, 2011 WL 3882280, at *5; *Loewe*, 2010 WL 3359525, at *3; *Schindler*, 2005 WL 1155862, at *4. *But see Martinez*, 701 F.Supp.2d at 891.

5

There is no indication that the current Defendants would be unable to satisfy a judgment. *Irigoyen*, 2004 WL 398553, at *5; *Gallegos v. Safeco Insurance Company of Indiana*, 2009 WL 4730570, at *5 (S.D. Tex. Dec. 7, 2009). Furthermore, Plaintiffs face significant legal hurdles to successfully recovering against the insurance adjusters, leaving doubts as to whether there will be parallel state proceedings if the motion for leave to amend is denied. *Gallegos*, 2009 WL 398553, at *5. The Court concludes that prejudice against Plaintiffs, if denied leave to amend, would not be significant.

### D. Any Other Facts Bearing on the Equities

Under the fourth factor, courts consider, among other things, defendants' interest in choice of forum. *Multi-Shot, LLC*, 2010 WL 376373, at *10; *Smith*, 2009 WL 2485589, at *6. In addition, Defendants ask the Court to consider prejudice to Defendants because they have invested time and resources in the lawsuit. After the Motion was filed, Defendants filed a Motion to Dismiss and a First Amended Answer. Defendants have expended significant time in this lawsuit since the Motion was filed, amplifying the prejudice they would suffer if diversity is destroyed and the case is remanded. Therefore the fourth prong weighs in favor of Defendants.

### E. Conclusion

Factor one weighs in favor of Plaintiffs. Conversely, factors two, three, and four of the *Hensgens* test weigh in favor of Defendants. Plaintiffs have been dilatory in seeking leave to amend their complaint. Furthermore, Defendants would be significantly prejudiced if Plaintiffs are granted leave to amend, while Plaintiffs would not be significantly harmed by a denial. Balancing these considerations, the Court finds that Plaintiffs' Motion should be denied.

## IV. CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiffs' Motion.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 7th day of November, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE